IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMPLOYERS & CEMENT MASONS #90 HEALTH & WELFARE FUND and EMPLOYERS AND CEMENT MASONS #90 PENSION FUND,<br><br>    Plaintiffs,<br><br>vs.<br><br>GROUNDWORKS CONTRACTING, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:23-CV-3111-MAB |

**MEMORANDUM AND ORDER**

**BEATTY, Magistrate Judge:**

  This matter is currently before the Court on Defendant Groundworks Contracting, Inc.'s Motion to Set Aside Clerk's Entry of Default (Doc. 30). For the reasons explained below, the motion is granted.

### BACKGROUND

  Plaintiffs are two employee benefit funds--the Employers and Cement Masons #90 Health & Welfare Fund and the Employers and Cement Masons #90 Pension Fund ("the Union" or "Local 90")—and the respective trustees of those Benefit Funds. They filed this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132, seeking to compel Defendant Groundworks Contracting, Inc. ("Groundworks") to submit to an audit and requesting that judgment enter on any and all contributions determined to be due by the audit, plus various costs, additional damages, and interest (Doc. 1). Jason

Richter, the President and sole owner of Groundworks, as well as its Registered Agent, executed a waiver of service on October 10, 2023 (Doc. 9; *see also* Doc. 30-1, para. 2). However, Groundworks did not ever appear in this matter or file a responsive pleading.

Plaintiff sought an entry of default against Groundworks, which was entered by the Clerk of Court on January 25, 2024 (Doc. 12). Six months later, on June 25, 2024, the Court granted Plaintiffs' Motion for an Order for an Accounting/Audit and ordered Groundworks to submit to an audit and to produce specific records within 21 days (Doc. 16). Plaintiffs served a copy of the Order on Groundworks, as ordered by the Court (Docs. 16, 17).

Approximately ten months later, at the Court's prompting, Plaintiffs filed a status report on May 9, 2025, indicating that documents necessary for the completion of the audit had been provided by Groundworks to the auditors (Doc. 19; *see also* Doc. 18). Plaintiffs advised that upon completion of the audit report, they would file a Motion for Default Judgment (Doc. 19).

Then on June 26, 2025, counsel for Groundworks entered an appearance in this case (Doc. 21). About two months later, on August 19, 2025, Plaintiffs filed another status report indicating that "additional records necessary for the completion of the audit were requested from the Internal Revenue Service in July 2025" (Doc. 29). A week later, Groundworks filed its motion to set aside the entry of default on August 26, 2025 (Doc. 30). Plaintiffs filed a response in opposition to the motion (Doc. 31), to which Groundworks filed a reply (Doc. 32).

## LEGAL STANDARD

A district court is permitted to set aside an entry of default "for good cause shown." FED. R. CIV. P. 55(c). It is well-accepted that the "good cause" standard for setting aside an entry of default before judgment has been entered is "more lenient" than the standard for relief after the entry of judgment. *E.g., Escamilla v. United States*, 62 F.4th 367, 372 (7th Cir. 2023). If relief after judgment can be granted based on mistake, inadvertence, and excusable neglect, *see* FED. R. CIV. P. 60(b), then it stands to reason that the "good cause" standard for setting aside a default before judgment "must be easier to satisfy." S*ims v. EGA Prods., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007).

To prevail on a Rule 55(c) motion to set aside an entry of default prior to the entry of final judgment, the movant must show: (1) good cause; (2) quick action to correct the default; and (3) a meritorious defense to the complaint. *Escamilla*, 62 F.4th at 372 (citing *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009)).

## DISCUSSION

The Court finds that Groundworks has satisfied the first element for setting aside an entry of default. That is, there is good cause for Groundworks' default as well as good cause for proceeding to the merits of the cause. *See Cracco*, 559 F.3d at 631 (looking to see if defendant had good cause for the late submission of its answer). *But see Escamilla*, 62 F.4th at 372 ("Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error[.]") (quoting *Sims v. EGA Prods. Inc.*, 475 F.3d 865, 868 (7th Cir. 2007)). *See also JMB Mfg., Inc. v. Child Craft, LLC,* 799 F.3d 780, 792 (7th Cir. 2015) ("As we

explained in *Sims,* an entry of default may be set aside for 'good cause,' which does not necessarily require a good excuse for the defendant's lapse.")

To begin with, the Seventh Circuit has "a well established policy favoring a trial on the merits over a default judgment." *Sun v. Bd. of Trs. of Univ. of IL*, 473 F.3d 799, 811 (7th Cir. 2007) (citing *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir.1984) (collecting cases)). For that reason, default judgment is viewed as "a weapon of last resort, appropriate only when a party willfully disregards pending litigation." *Escamilla*, 62 F.4th at 372 (quoting *Sun*, 473 F.3d at 799). *See also C.K.S. Engineers*, 726 F.2d at 1205, 1206 (default judgment is a "harsh sanction that ought to be used sparingly" and "only when absolutely necessary.") (citations omitted).

Here, according to Groundworks' owner, Jason Richter, he was unrepresented by counsel when he signed the waiver of service (Doc. 30-1, para. 1-3). He was under the impression that, as long as he cooperated with Plaintiffs and provided them with the information and documents that they needed to complete their audit, he did not have to file any additional documents with the Court (Doc. 30-1, para. 3). Richter believed that his cooperation with the audit was his "answer" to the lawsuit and did not understand that an "answer" was a specific and formal legal document that had to be filed with the Court (Doc. 32-1, para. 2). Furthermore, both parties represent that Groundworks fully complied with the audit process (*see* Doc. 30-1, para. 4; Doc. 32-1, para. 4, 5; *see also* Doc. 31, p. 3; Doc. 19; Doc. 29).

Under these circumstances, there is no reason for the Court to conclude that Groundworks was willfully ignoring the pending litigation. Rather, it appears that

Groundworks only failed to filed a formal response due to its owner's mistaken understanding of its legal obligations. This is sufficient to establish good cause for the default and good cause to proceed to the merits. *See Escamilla*, 62 F.4th at 372 (default judgment "appropriate only when a party willfully disregards pending litigation"); *Cracco*, 559 F.3d at 631 (finding defendant had good cause for default where "it did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence").

With respect to the second factor, Plaintiffs argue that Defendant did not take quick action to correct the default because Defendant waited over a year from the entry of default to file a motion seeking to set it aside (Doc. 31, p. 4). The Seventh Circuit, however, has suggested that the Court's inquiry should focus not on the time that has elapsed since the default was entered, but on the time that has elapsed since the defendant became aware of the default. *See Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994) ("If, for instance, the defendant (through no fault of his or her own) did not even become aware of the default judgment until one month (or six months) after its entry, maybe trying to vacate the judgment at that late date would be quick enough to satisfy the standard."). Whether the quick action prong is satisfied "depends . . . on the particular circumstances of the defaulted defendant." *Jones*, 39 F.3d at 165. *Accord Escamilla*, 62 F.4th at 372 ("What constitutes quick action varies from case to case.")

Here, Richter attested that he does not recall ever being informed of or receiving a copy of the Entry of Default in January 2024 or Plaintiffs' motion requesting it (Doc. 32-1,

para. 3).[1] Rather, he said he did not know about the default until "early June 2025," when he incidentally became aware of it through his lawyer, who was representing him in another lawsuit in federal court in Indiana regarding Groundworks' fringe benefit contributions (see Doc. 30-1, para. 6). Specifically, Richter retained Attorney Bryan Kaemmerer to represent Groundworks Contracting in the Indiana suit, and in June 2025, Kaemmerer contacted Local 90/Plaintiffs' accountant and requested copies of records to use in connection with the audit in Indiana (see Doc. 30-1, para. 6). Plaintiffs' counsel then reached out to Kaemmerer and informed him of their audit and this lawsuit (Doc. 30-1, para. 6, 7). Richter attests this was the first time that he "became consciously aware" that Groundworks was in default and the significance of it (Doc. 32-1, para. 4; see also Doc. 30-1, para. 6, 8). Richter says that he "immediately authorized" Kaemmerer to enter an appearance in this case, which was done on June 26, 2025 (Doc. 30-1, para. 8; Doc. 25). Kaemmerer then filed the motion to set aside the entry of default on August 26, 2025 (Doc. 30).

It is unclear why it took Groundworks about two-and-a-half months or so to file the motion to set aside after learning of the default (Doc. 30-1, para. 6; Doc. 30). The Court notes that parties usually act far quicker to get their motion on file. That being said, there is no indication that the delay harmed Plaintiffs in any way (*see* Doc. 31). Consequently,

---

[1] Plaintiffs counter that Groundworks "was notified of the entry of default the day after it was entered by service through mail" (Doc. 31, p. 4). Plaintiffs did not, however, support their assertion with any evidence (*see id.*). The Court notes that neither the Notice of Electronic Filing for the Entry of Default nor the docket indicates that the Court provided notice of the Entry of Default to Groundworks in any fashion. That is presumably because the Court had no way of doing so given that there was no contact information (i.e., email address or mailing address) for Groundworks listed on the docket.

under the specific circumstances of this case, the Court finds that Groundworks acted quickly enough to satisfy the standard. *See Sims,* 475 F.3d at 868 (upholding district court's decision to vacate entry of default in part because the five-month delay between when defendant received notice of the default and defendant's motion to vacate "caused no prejudice" to the plaintiff); *Black + Gold Corp. v. Solomon Acquisitions, LLC*, No. 22-CV-310-JDP, 2022 WL 16848367, at *2 (W.D. Wis. Nov. 10, 2022) (finding defendant acted quickly when it moved to vacate about two-and-a-half months after receiving notice of the default collecting other district court cases with similar holdings).

Finally, Groundworks has shown that it has "an arguably meritorious defense to the lawsuit." *Escamilla*, 62 F.4th at 372. "A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Jones*, 39 F.3d at 165. Groundworks initially noted that because it had not yet received the audit results, it could not say what defenses it may have to the audit findings (Doc. 30, p. 8). But if allowed to defend on the merits, Groundworks intended to review the audit once completed and mount appropriate challenges *(Id.* at pp. 6, 7). Groundworks later added that it has already paid the monetary damages that Plaintiffs seek in Count II of the complaint (Doc. 32, p. 2, n.1). The Court finds that given the nature of the case, Groundworks' assertions are sufficient to fulfill the purpose and intent of the third and final element for setting aside an entry of default.

Accordingly, Defendant Groundworks Contracting, Inc.'s Motion to Set Aside

Clerk's Entry of Default (Doc. 30) is **GRANTED**. The entry of Default against Defendant (Doc. 12) is **SET ASIDE**. Defendant shall file its answer or other responsive pleading to the complaint (Doc. 1) on or before **February 16, 2026**.

    **IT IS SO ORDERED.**

    **DATED: January 26, 2026**

                                                    **s/ Mark A. Beatty**
                                                  **MARK A. BEATTY**
                                                  **United States Magistrate Judge**